GERTNER MANDEL & PESLAK LLC
COUNSELLORS AT LAW
PO Box 499
Lakewood, NJ 08701
732-363-3333 Fax 732-363-3345
File No. 7641-01
Attorneys for Plaintiff, Evalena Atkinson and Kenneth Atkinson

| | |
|---|---|
| EVALENA ATKINSON and KENNETH ATKINSON,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>ANVER KERIMOV, EXILUS WEBERT, BOBBY ALLUM, TURKMENISTAN, JOHN AND JANE DOES (1-10) and ABC CORPS. (1-10),<br><br>                    Defendant(s). | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Action No.  1:11-cv-06533 (RJS)<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY |

Plaintiff, through their undersigned counsel, by way of Complaint alleges as follows:

## THE PARTIES

1.      Plaintiffs Evalena Atkinson and Kenneth Atkinson are individuals currently residing in Lakewood New Jersey, County of Ocean, State of New Jersey.

2.      Defendant Anver Kerimov is an individual and a resident of the State of New York and at all times relevant hereto residing in Brooklyn, State of New York.

3.      Defendant Exilus Webert is an individual and a resident of the State of New York and at all times relevant hereto residing in Brooklyn, State of New York.

4.      Defendant Bobby Allum is an individual and a resident of the State of California and at all times relevant hereto residing in Los Angeles, State of California.

5. Defendant Republic of Turkmenistan is a former Soviet Socialist Republic and is now an associate member of the Commonwealth of Independent States with an Embassy located at 2207 Massachusetts Avenue, NW, Washington, DC.

6. Defendants include John and Jane Does (1-10) and ABC Corps. (1-10), names being fictitious, true names unknown at this time.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This matter is between citizens of different states and countries and the matter in controversy exceeds $75,000.00. Thus, this Court's subject matter jurisdiction is based upon 28 U.S.C. 1332.

8. Venue in this district is proper pursuant to 28 U.S.C. 1391(a)(2).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. At all times relevant hereto, the defendant Anver Kerimov was an agent, servant, employee, or independent contractor of defendant Exilus Webert.

10. On or about the 24th day of September, 2009, the defendant Anver Kerimov, was operating a 2006 Ford, taxi, bearing New York State license plate number 2A77B.

11. At all times mentioned, defendant Exilus Webert was the owner of a 2006 Ford, taxi, bearing New York State license plate number 2A77B.

12. On or about the 24th day of September, 2009, defendant Anver Kerimov, was traveling east bound on 59th Street & Grand Army Plaza, Manhattan, New York.

13.     At the time and place hereinabove set forth, the plaintiff, Evalena Atkinson, was an invitee of defendant Anver Kerimov as a passenger riding in the motor vehicle hereinbefore described.

14.     At the time and place hereinabove set forth, defendant Bobby Allum operated a 2009 Mercedes motor vehicle bearing Virginia State license plate number Z881009 with vehicle identification number WDDNG71X09A2441587 and owned by the Defendant Turkmenistan Government.

15.     At the time and place hereinabove set forth, defendant Bobby Allum was traveling southbound on 59th Street & Grand Army Plaza, Brooklyn, New York.

**FIRST COUNT**

16.     At the time and place hereinabove set forth, Defendant Anver Kerimov operated said 2006 Ford motor vehicle in such a careless and negligent manner so as to cause a collision with the vehicle operated by defendant Bobby Allum.  More specifically, defendant Anver Kerimov failed to keep a proper look out, failed to apply the brakes on the motor vehicle in sufficient time to avoid the collision, failed to turn in order to avoid the collision, and was otherwise negligent.

17.     As a direct and proximate result of the carelessness and negligence of the defendant Anver Kerimov as set forth hereinabove, the plaintiff Evalena Atkinson has sustained personal injury.  In addition, she has in the past and will in the future experience great pain, suffering and inconvenience, and other related losses.

**WHEREFORE**, the plaintiff Avelena Atkinson demands judgment against the defendants Anver Kerimov, Exilus Webert, Bobby Allum, Terkmenistan and John and Jane Does (1-10) and ABC Corps. (1-10), individually, jointly and severally, for damages on this Count together with interest and costs of suit.

## SECOND COUNT

18. At all times relevant herein, defendant Exilus Webert, through its agent, servant, employee, or independent contractor defendant Anver Kerimov operated and controlled the automobile hereinbefore described.

19. Defendant Anver Kerimov as agent, servant, employee, or independent contractor of defendant Exilus Webert negligently failed to exercise ordinary care and otherwise failed to exercise the degree of care commonly exercised by operating a motor vehicle in like cases.

20. As a direct and proximate result of the carelessness and negligence of the defendants Anver Kerimov and Exilus Webert as set forth hereinabove, the plaintiff has sustained personal injury. In addition, she has in the past and will in the future experience great pain, suffering and inconvenience, and other related losses.

**WHEREFORE**, the plaintiff Evalena Atkinson demands judgment against the defendants Anver Kerimov, Exilus Webert, Bobby Allum, Terkmenistan and John and Jane Does (1-10) and ABC Corps. (1-10), individually, jointly and severally, for damages on this Count together with interest and costs of suit.

**THIRD COUNT**

21.  At all times relevant hereto, the defendant Bobby Allum served as a U.S. Secret Service Agent.

22.  On or about the 24th day of September, 2009, Bobby Allum disobeyed a red light and failed to yield the right of way causing a collision with the motor vehicle operated by defendant Anver Kerimov.

23.  As a direct and proximate result of the carelessness and negligence of the defendant Bobby Allum as set forth hereinabove, and the carelessness and negligence of the Turkmenistan Government by permitting defendant Bobby Allum to carelessly and negligently operate the vehicle, the plaintiff has sustained personal injury. In addition, she has in the past and will in the future experience great pain, suffering and inconvenience, and other related losses.

24.  A Federal Tort Claim Notice was submitted on June 18, 2011 to the U.S. Secret Service and subsequently assigned Case No. 108-809-303742-S.

**WHEREFORE**, the plaintiff Evalena Atkinson demands judgment against the defendants Anver Kerimov, Exilus Webert, Bobby Allum, Terkmenistan and John and Jane Does (1-10) and ABC Corps. (1-10), individually, jointly and severally, for damages on this Count together with interest and costs of suit.

**FOURTH COUNT**

25.  At all times relevant hereto, Plaintiff Kenneth Atkinson was the husband of Plaintiff Evalena Atkinson.

26. As a direct and proximate result of the carelessness and negligence of defendants Anver Kerimov, Exilus Webert, Bobby Allum, John and Jane Does (1-10) and ABC Corps. (1-10), plaintiff Kenneth Atkinson's wife, Plaintiff Evalena Atkinson, sustained severe bodily injuries causing him to incur great expenses for hospital and medical treatment for his wife and was prevented from his wife's society, services, and consortium.

**WHEREFORE**, plaintiff, Kenneth Atkinson, demands judgment against defendants Anver Kerimov, Exilus Webert, Bobby Allum, Terkmenistan and John and Jane Does (1-10) and ABC Corps. (1-10), individually, jointly and severally, for compensatory damages, interest, costs and such other relief as this court deems equitable and just under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues triable in this Complaint.

    Respectfully submitted.

    **GERTNER MANDEL & PESLAK, LLC**
    Attorneys for Plaintiff

    By: _____
        ARTHUR M. PESLAK, ESQ.

Dated: September ___, 2011